**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GURPREET SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-416-SLP** |
| | ) | |
| **JOSHUA JOHNSON, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**SUPPLEMENT TO REPORT AND RECOMMENDATION**

It has come to the attention of the undersigned that the Report and Recommendation in this matter, (Doc. 13), contained an incorrect assertion of the law.  On page 13, the undersigned wrote that the "Ninth Circuit[] hold[s] the government must bear the burden of proof to justify a non-citizen's detention pending removal proceedings," and cited *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).  After *Singh*, the Ninth Circuit squarely addressed due process in the context § 1226(a) in *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), and held that due process does not require the government to bear the burden of proof to show risk of flight and danger during a custody re-determination hearing conducted under § 1226(a) when a non-citizen had been "subject to § 1226(a) and its bond determination processes from the onset of his detention."  *Id*. at 1211-12.  While the Report and Recommendation cited *Singh* as persuasive authority, it did not quote or otherwise rest its analysis on any portion of the opinion.  Also, *Rodriguez Diaz* does not require a different result in the instant matter.  Accordingly, the undersigned's recommendation in this matter

remains unchanged.  This supplement to the Report and Recommendation does not extend

the parties' objection period.

      **ENTERED** this 20th day of May, 2026.


AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE