IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GURPREET SINGH,                       )
                                      )
        Petitioner,                   )
                                      )
v.                                    )
                                      )    Case No. CIV-26-416-SLP
MARKWAYNE MULLIN, et al.,             )
                                      )
        Respondents.                  )

**O R D E R**

Petitioner Gurpreet Singh, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 13] (R&R) of United States Magistrate Judge Amanda Maxfield.[1] The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 15] and the matter is at issue. The Court reviews de novo any portion of the R&R to which Respondents have made specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, IN PART, the Petition.

Petitioner, a citizen of India, entered the United States on March 23, 2023, without admission or parole. Petitioner was placed into removal proceedings by U.S. Immigration and Customs Enforcement (ICE) on March 27, 2023. Petitioner was subsequently released on recognizance, pursuant to 8 U.S.C. § 1226(a), on March 28, 2023.

---

[1] The Magistrate Judge issued a Supplement to Report and Recommendation [Doc. No. 16]. The Court notes that the Supplement has no effect on the disposition of this matter.

Petitioner was re-detained by ICE on or around February 18, 2026 during a traffic stop. Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provision set forth in § 1225(b)(2)(A). Petitioner is currently detained at Cimmaron Correctional Facility in Cushing, Oklahoma.[2]

On March 5, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution. Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or, in the alternative, release from custody.

As an initial matter, the Magistrate Judge found that 8 U.S.C. § 1252(g) is not a jurisdictional bar to this Court's review of the claims asserted by Petitioner. The Magistrate Judge then recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period. Additionally, the Magistrate Judge recommended that the Court should order the government bear the burden at the bond hearing to prove by clear and convincing evidence that he is either a flight risk or a danger to the community to justify his continued detention.

---

[2] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited May 28, 2026).

Respondents object to the R&R.  Respondents urge the Court to find that § 1252(g) is a jurisdictional bar to the Court's review of the claims raised in the Petition.  Respondents further argue that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).  Finally, Respondents argue that Petitioner's due process claims are barred by the Supreme Court's decision in *Demore v. Kim*, 538 U.S. 510 (2003).

The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the Objection, rejects both Respondents jurisdictional challenge pursuant to § 1252(g) and Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues.  The Court's decision is also in accord with the Sixth Circuit, Eleventh Circuit, and Second Circuit, who have rejected the statutory interpretation of §1225(b)(2) as urged by Respondents.  *See generally Lopez-Campos v. Raycraft*, No. 25-1965, --- F.4th ---, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, --- F.4th ---, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, No. 25-3141-PR, --- F.4th ---, 2026 WL 1146044 (2d Cir. April 28, 2026); *see also Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).  Accordingly, the Court finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.

Furthermore, the Court finds that Respondents' reliance on the Supreme Court's decision in *Demore* is misplaced. Because the Court has found that Petitioner's detention is governed by § 1226(a), the *Demore* opinion is inapposite as the Supreme Court only dealt with due process concerns surrounding detention under § 1226(c). *See Demore v. Kim*, 538 U.S. 510, 516-29 (2003); *see also Lopez-Campos*, 2026 WL 1283891 at *13 ("Crucially, *Demore* did not address the process due to noncitizens subject to § 1226(a)'s permissive detention scheme.") (citing *Demore*, 538 U.S. at 517-31).

Respondents do not address in their Objection the Magistrate Judge's findings and conclusions as to the placement of the burden of proof on the government and the weight of evidence that the government must bear at a bond hearing. Accordingly, Respondents have waived review of such issues. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 13] is ADOPTED and the Petition [Doc. No. 1] is GRANTED, in part, as follows:

1. The Petition is GRANTED, in part, and Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

2. If a bond hearing occurs, Respondents shall bear the burden of proof to justify Petitioner's continued detention by clear and convincing evidence.

A separate judgment shall be entered.

4

IT IS SO ORDERED this 1st day of June, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**